1  William C. Rava (*pro hac vice* forthcoming)
   WRava@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, WA  98101
   Telephone:  206.359.8000
4  Facsimile:  206.359.9000

5  Andrew N. Klein, CA Bar No. 300221
   AKlein@perkinscoie.com
6  PERKINS COIE LLP
   3150 Porter Drive
7  Palo Alto, CA  95130
   Telephone:  650.838.4300
8  Facsimile:  650.838.4350

9  Attorneys for Plaintiff
   MX1 LTD.
10

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  MX1 LTD., | Case No. 3:17-cv-2540 |
| 16             Plaintiff, | **COMPLAINT FOR:** |
| 17       v. | 1) **FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(a);** |
| 18  JOHN DOES 1-10, individuals, | 2) **FEDERAL MISAPPROPRIATION OF TRADE SECRETS, 18 U.S.C. § 1836;** |
| 19             Defendants. | 3) **CALIFORNIA MISAPPROPRIATION OF TRADE SECRETS, CAL. CIV. CODE § 3426; AND** |
| | 4) **UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200** |
| | **[DEMAND FOR JURY TRIAL]** |

For its complaint, plaintiff MX1 Ltd. ("MX1") alleges as follows:

## I.     INTRODUCTION

In a malicious effort to disparage and injure MX1, Defendant John Does created and operate a Twitter account ("@MX1Leaker") through which they illicitly publish MX1's confidential and proprietary trade secrets, as well as post misleading information about MX1. To end Does' unlawful and harmful acts, MX1 brings this Complaint alleging unfair competition and misappropriation of trade secrets, and seeking injunctive relief and damages.

## II.    PARTIES

1. Plaintiff MX1 is an Israeli company with its principal place of business in Israel. MX1 is a wholly-owned subsidiary of SES S.A., a world leading satellite operator.

2. Defendant John Does 1-10 are individuals of unknown residence and citizenship. MX1 does not know John Does' identities or locations at this time. MX1 will amend its complaint to name John Does once their identities are learned.

## III.   JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this action alleges violations of the Lanham Act (15 U.S.C. § 1125(a)) and the Defend Trade Secrets Act (18 U.S.C. § 1836).

4. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants have repeatedly, knowingly, and intentionally accessed and used Twitter's servers and services located in this District to engage in the unlawful acts alleged in this Complaint. While accessing Twitter's servers and services, Does made systematic and continuous contacts with this District, and targeted their wrongful acts using Twitter, which is headquartered in this District. Depending on the residence of Defendants, venue may also be proper under 28 U.S.C. § 1391(b)(1) or (3). In addition, MX1 also does business in and with at least one entity located in this District.

## IV. INTRADISTRICT ASSIGNMENT

6. Intradistrict assignment is proper in San Francisco because, as described in paragraph 5, a substantial part of the events or omissions giving rise to the claim occurred in this District.

## V. FACTS AND BACKGROUND

**A.   MX1**

7. MX1 is a leading global media services company. MX1 offers a full range of content management, delivery, and digital media services to transform media content and provide a global audience with the ultimate viewer experience.

8. MX1 offers a suite of innovative digital video and media end-to-end solutions for the world's leading media businesses.

<u>MX1 Trademarks</u>

9. Since its founding in 2016, MX1 has offered its services using the "MX1" mark and logo (depicted below). MX1 has invested substantial time and money into building its reputation as a provider of high-quality media services using the MX1 mark and logo.

10. MX1 owns all rights in the "MX1" mark and logo and has priority of use over Does with respect to the mark and logo.

11. MX1 conducts its business throughout the United States using the MX1 mark and logo.

12. The MX1 mark and logo are distinctive and/or have developed secondary meaning and significance in the minds of consumers.

13. The MX1 mark and logo are valuable to MX1 due, in part, to the significant goodwill and recognition associated with them.

MX1 Trade Secrets

14. Since its inception, MX1 has developed proprietary and confidential trade secrets as part of its business, including confidential customer information and commercial information regarding customer contracts. MX1 maintains internal databases on which it stores these confidential and propriety trade secrets. MX1 has invested a substantial amount of time and money into creating and protecting its trade secrets. MX1 employs a variety of cybersecurity measures on its networks to protect its trade secrets, such as access control, monitoring, and logging.

15. The contents of these internal database files are closely guarded by MX1. Accessing the databases requires specific authorization and a password that is not intended to be available to anyone other than certain MX1 employees, and no one outside of MX1 is authorized to access the files.

**B.    Defendants' Unlawful Activity**

16. On or around January 2017, Does created the Twitter account "@MX1Leaker", located at https://twitter.com/MX1Leaker.

17. The homepage states that the profile "is run by a group of whistle blowers and transparency advocates." Attached hereto as Exhibit A is a true and correct copy of a screenshot of https://twitter.com/MX1Leaker.

18. Since January 2017, Does have published numerous posts (also known as "Tweets") about MX1. Certain of these posts disclose MX1's confidential trade secret information.

19. For instance, on January 25, 2017, Does published a highly confidential document that disclosed confidential customer information and commercial information regarding customer contracts, which constitutes MX1's confidential trade secret information.

[Remainder of page left intentionally blank]



20. Based on MX1's investigation, MX1 believes that Defendants obtained the above image by using a camera on a mobile phone to photograph a computer screen. On information and belief, the computer from which this image was taken is MX1 property. All documents relating to payments are stored on a limited number of computers and restricted in access to only a limited number of employees.

21. Defendants have threatened and continue to threaten to published additional MX1 trade secrets and have published highly confidential MX1 information that is stored on MX1's secured computers and accessible by a limited number of employees.

22. Does have also published misleading information about MX1. For instance, Does have published a series of Tweets alleging that MX1 has engaged in a pattern of bribery and corruption in its business dealings. Does published the following post on January 13, 2017 suggesting that MX1 bribes politicians to support its business:

-4-                                                       COMPLAINT AND
135162374                                            DEMAND FOR JURY TRIAL



23. As another example, Does published the following post on March 15, 2017 alleging that MX1 used bribes to secure broadcast deals:

24. As of the filing of this Complaint, Does have posted 32 Tweets, some of which contain misleading statements about MX1 and/or its trade secrets.

**C.   MX1's Investigation and Enforcement Efforts**

25. Since January 2017, MX1 and its parent company have expended significant resources in attempting to investigate, remedy, and prevent further disclosure of misleading information and its trade secrets via the "@MX1Leaker" Twitter account.

26. In March 2017, MX1 hired Kroll Associates UK ("Kroll"), an investigation firm, to identify the persons who operate the "@MX1Leaker" Twitter account. Despite an extensive investigation, Kroll was unable to identify the persons behind the account.

27. In April 2017, MX1 filed takedown notices with Twitter Inc. ("Twitter") requesting that Twitter remove images on the "@MX1Leaker" account that violated MX1's rights in a copyrighted work. Twitter approved the request and has since removed the offending material.

28. MX1 has been unable to identify the persons behind "@MX1Leaker" or determine their location despite significant effort and expense.

29. On information and belief, MX1 believes the persons behind "@MX1Leaker" are former employees of MX1 who are not located in the United States. MX1 believes these former employees stole MX1's confidential trade secrets prior to their departure, in violation of their employee agreements. Prior to their termination, these former employees had access to MX1's highly confidential information and trade secrets, including access to the invoice depicted in paragraph 19.

30. Does' actions have caused and are likely to continue to cause significant harm to MX1.

### FIRST CLAIM FOR RELIEF
### Federal Unfair Competition (15 U.S.C. § 1125(a))

31. MX1 realleges and incorporates by reference the allegations in the preceding paragraphs as fully set forth herein.

32. Defendants' conduct as described herein violates 15 U.S.C. § 1125(a).

33. MX1 owns rights in the MX1 mark and logo. MX1 uses the mark and logo in interstate commerce in connection with its provision of its media services.

34. Defendants use the MX1 mark in its Twitter user name (@MX1Leaker) and on its Twitter account and formerly used a logo that was confusingly similar to the MX1 logo. Defendants' actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants' services with MX1, or as to the origin, sponsorship, or approval of the services provided by Defendant in violation of 15 U.S.C. § 1125(a).

35. Defendants have used the MX1 logo and continue to use the MX1 mark without MX1's authorization.

36. Defendants have willfully infringed the MX1 mark and logo.

37. Defendants' infringing use has and will continue to harm MX1's reputation and goodwill.

38. As a result of Defendants' illicit use of the MX1 mark and logo, MX1 has been and will continue to be irreparably harmed unless enjoined by this Court. MX1 has no adequate remedy at law and is entitled to injunctive relief as set forth herein.

39. Given the foregoing, MX1 is entitled to recover its actual damages, enhanced profits, and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1116, 1117, and 1125.

## SECOND CLAIM FOR RELIEF
**Federal Misappropriation of Trade Secrets (18 U.S.C. § 1836, *et seq*.)**

40. MX1 realleges and incorporates by reference the allegations in the preceding paragraphs as fully set forth herein.

41. As alleged above, MX1 owns certain confidential, proprietary, and trade secret information.

42. MX1's confidential, proprietary, and trade secret information includes confidential customer information and commercial information regarding customer contracts.

43. MX1's confidential, proprietary, and trade secret information relates to services sold, offered for sale, provided, and used in interstate commerce.

44. MX1 took reasonable measures to keep such information confidential and secure, including restricted access and personal passwords.

45. MX1's trade secrets including, but not limited to, its confidential customer information and commercial information regarding customer contracts, constitute "trade secrets" under the Defend Trade Secrets Act.

46. These confidential and proprietary trade secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

47. Defendants intentionally, willfully, and maliciously misappropriated this information using the improper and unlawful means alleged herein, including but not limited to theft.

48.   MX1's remedy at law is inadequate. Defendants have not returned, removed, or deleted MX1's confidential trade secret information. Defendants have threatened and continue to threaten to publish additional trade secrets and, therefore, on information and belief, if Defendants' conduct is not enjoined, Defendants will continue to misappropriate, disclose, and use MX1's trade secret information, thus further harming MX1. MX1 is therefore entitled to injunctive relief enjoining all actual and threatened misappropriation.

49.   As a direct and proximate result of Defendants' conduct, MX1 is entitled to damages, an award of exemplary damages, and attorneys' fees, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### California Uniform Trade Secrets Act (Cal. Civ. Code § 3426, *et seq.*)

50.   MX1 realleges and incorporates by reference the allegations in the preceding paragraphs as fully set forth herein.

51.   As part of its business, MX1 has developed confidential and proprietary trade secrets, including confidential customer information and commercial information regarding customer contracts. MX1 has at all relevant times owned the aforementioned trade secrets.

52.   MX1's trade secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

53.   MX1 has made reasonable efforts to preserve the confidentiality of its trade secrets. These efforts include, but are not limited to, restricted access and personal passwords.

54.   MX1's trade secrets including, but not limited to, its confidential customer information and commercial information regarding customer contracts, constitute "trade secrets" under California's Uniform Trade Secrets Act.

55.   Defendants acquired MX1's trade secret information using improper means. Upon information and belief, the improper means Defendants used to misappropriate MX1's trade secrets include, but are not limited to, theft.

1  56. MX1 did not consent to Defendants' misappropriation, use, or disclosure of
2  MX1's trade secrets.
3  57. Defendants' actions constitute willful misappropriation of MX1's trade secrets.
4  58. MX1 is suffering and will continue to suffer great and irreparable injury unless
5  Defendants are enjoined from further misappropriation of MX1's trade secrets, as MX1 has
6  invested significant time and resources into developing its trade secrets, and Defendants will
7  irreparably injure MX1 if their conduct is not restrained.  MX1 has no adequate remedy at law.
8  59. As a direct and proximate cause of Defendants' misappropriation of MX1's trade
9  secrets, MX1 has been damaged and Defendants have been unjustly enriched in an amount to be
10 ascertained at trial.
11 60. Each of Defendants' acts of misappropriation were done willfully and maliciously
12 with the deliberate intent to injure MX1's business and for Defendants' own gain, thereby
13 entitling MX1 to exemplary damages and/or attorneys' fees to be proved at trial pursuant to
14 California Civil Code sections 3426.3 through 3426.4.

## FOURTH CLAIM FOR RELIEF
**California Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et seq*.)**

17 61. MX1 realleges and incorporates by reference the allegations in the preceding
18 paragraphs as fully set forth herein.
19 62. By the acts described herein, Defendants have engaged in unlawful business
20 practices that have and will continue to injure MX1 and its business, in violation of California
21 Business and Professions Code section 17200 *et seq*.
22 63. The conduct of Defendants is unlawful as required by section 17200 because
23 Defendants have engaged in violations of state and federal law, including the following:
24     a. Unfairly competing with MX1 by using the MX1 mark and logo on its
25        Twitter page; and
26     b. Misappropriating MX1's trade secrets.
27 64. The above unlawful conduct constitutes a business practice of Defendants.

1    65.    Defendants' acts alleged herein have caused monetary damage to MX1, in an amount to be proven at trial, in the form of costs related to investigating, preventing, and remedying Defendants' unlawful activities and harm to goodwill.

66.    Defendants have caused and will continue to cause irreparable injury to MX1, unless and until Defendants are permanently enjoined.  MX1, therefore, is entitled to an order pursuant to section 17203 enjoining the Defendants from further engaging in the conduct described herein.

67.    As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MX1 prays for the following relief:

A.  For injunctive relief as follows:

   a.  An order barring Defendants from any further acts constituting misappropriation of MX1's trade secrets and/or unfair competition;

   b.  An order compelling Defendants to delete its "MX1Leaker" Twitter account and all posts included thereon; and

   c.  An order compelling Defendants to permanently delete any and all information or material that constitutes a MX1 trade secret.

B.  For judgment in favor of Plaintiff, and against Defendants, for damages in such amounts as may be proven at trial;

C.  For reasonable attorneys' fees; and

D.  For such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury as to all issues so triable in this action.

| | | |
|---|---|---|
| 1 | DATED:  May 3, 2017 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: */s/ Andrew N. Klein*<br>William C. Rava (*pro hac vice* forthcoming) |
| 4 | | WRava@perkinscoie.com<br>Andrew N. Klein, CA Bar No. 300221 |
| 5 | | AKlein@perkinscoie.com |
| 6 | | Attorney for Plaintiff<br>MX1 LTD. |

135162374

-11-

COMPLAINT AND DEMAND FOR JURY TRIAL